IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

THERESE HARMON, Trustee of THE HARMON )
1999 DESCENDANTS' TRUST, )
)
      Plaintiff/Counterclaim Defendant, )
)
      v. )    Civil Action No. 1:20-cv-1442
)     (RDA/TCB)
GERMAINE F. HARMON, )
)
      Defendant/Third-Party Plaintiff, )
)
      v. )
)
CGH INVESTMENT MANAGEMENT, )
LLC, as successor in interest to )
TRADITIONS, LP, and CIH TECHNOLOGY )
HOLDINGS, LLC, )
)
      Third-Party Defendants. )

## <u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court on four motions to dismiss submitted by parties to these proceedings. The Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). These motions are now fully briefed and ripe for disposition.

      First, the Court has considered the Motion to Dismiss Counterclaim and to Strike Third-Party Claim Against CIH Technology Holdings, LLC submitted by Plaintiff Therese Harmon, Trustee of the Harmon 1999 Descendants' Trust ("the Trust" or "H99DT Trustee") (Dkt. 16); Defendant Germaine F. Harmon's Opposition to that motion (Dkt. 31); and Plaintiff's Reply (Dkt. 33).

      Second, the Court has considered Third-Party Defendant CIH Technology Holdings,

LLC's ("CIH Technology") Motion to Dismiss and Strike Count II of Germaine Harmon's Third-Party Complaint (Dkt. 26); Defendant Germaine Harmon's Opposition (Dkt. 41); and CIH Technology's Reply (Dkt. 42).

Third, the Court has considered Plaintiff H99DT Trustee's Motion to Strike or Dismiss Third-Party Defendant CGH Investment's Claim Against the Plaintiff for Unjust Enrichment (Dkt. 48); CGH Investment's Opposition (Dkt. 51); and Plaintiff Therese Harmon's Reply (Dkt. 54).

Fourth, the Court has considered Defendant CIH Technology's Motion to Dismiss Third-Party Defendant CGH Investment's Cross-Claim (Dkt. 45); Defendant CGH Investment Management's Opposition (Dkt. 51); and CIH Technology's Reply (Dkt. 54).

For the reasons that follow, the Court denies these motions to dismiss.

## I. BACKGROUND

### A. Factual Background

The array of parties to these proceedings are as follows. Defendant and Third-Party Plaintiff, Germaine Harmon, is a Florida resident. Dkt. 5, ¶ 40. She is a member of CGH Investment Management, LLC, a Third-Party Defendant. *Id.* Therese Harmon, the H99DT Trustee, is a Virginia citizen. *Id.* ¶ 41. She is sued in her representative capacity as the apparent trustee of H99DT. *Id.* ¶ 43. CGH Investment Management, LLC is a Florida limited liability company and is also the successor in interest to Traditions, LP, a Delaware limited partnership. *Id.* ¶ 42. And finally, Third-Party Defendant CIH Technology Holdings, LLC, is a Delaware entity owned by H99DT and another non-party.[1] *Id.* ¶ 44.

Although Germaine Harmon is a named Defendant in this action, she has also brought

---

[1] CIH Technology is half owned by the H99DT Trustee and half owned by an unrelated non-party, St. Paul IDC. *See* Dkt. 5, ¶ 64; Dkt. 17 at 2.

counterclaims against various parties. Furthermore, the motions to dismiss discussed in this Memorandum Opinion each concern claims asserted by Germaine Harmon. As such, the Court takes the facts as alleged in Germaine Harmon's complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The salient facts are that when Germaine Harmon's late husband died, she inherited the fortune that she and Charles M. Harmon, Jr. had amassed over the course of their marriage. In addition to his wife, Charles left behind four children—Timothy Harmon, Jennifer Gaffney, Paul Harmon, and Charles B. Harmon. Around February of 1999, a limited partnership known as Traditions LP was formed. The partnership sought to manage the assets that the surviving members of the family inherited from Charles M. Harmon, Jr. As time passed, Germaine Harmon and each of her four children would all invest in and become partners of Traditions—either directly or through other entities. *See* Dkt. 1 ¶¶ 5-7.

For the entire time Traditions operated as a family limited partnership, Germaine Harmon served as a limited partner. Dkt. 5, ¶ 47. Germaine Harmon funded nearly the entirety of Traditions' partnership assets, taking into account her ownership of its general partner and her stake as a limited partner. *Id.* ¶ 48. She ostensibly contributed $20 million dollars for Traditions' initial capitalization, later contributing additional funds. *Id.* Traditions was created by a 1999 partnership agreement, which remained in place until Traditions was converted to CGH Investments in July of 2020. *Id.* ¶ 50. That partnership agreement included certain requirements for the transfer of partnership assets, including its prescription of certain corporate formalities when partnership assets are transferred. *Id.* ¶ 51. Germaine Harmon disputes that H99DT was ever a limited partner in Traditions, suggesting that any partnership interest in Traditions that was

purportedly transferred to the Trust violated the 1999 partnership agreement. *Id.* ¶ 52.

Although Germaine Harmon had once relied on her husband to manage the family finances, after his death she turned to her son Timothy "to guide her financial decisions." *Id.* ¶ 48 These decisions included the choice to create Traditions as a means of managing and protecting her considerable wealth. *Id.* And though it seems that Germaine Harmon served as a trustee in The 1999 Descendants' Trust, she alleges that her son Timothy—a non-party to this action—was the Trust settlor and held powers of attorney for Germaine "or otherwise acted in a fiduciary capacity with respect to her based upon the special trust, confidence and reliance" that his mother placed in him. *Id.* ¶ 49.

In 2007, a large corporation known as COMSAT was sold for a significant sum. *Id.* ¶ 53. Traditions had maintained an ownership interest in COMSAT. *Id.* An estimated $58 million dollars in proceeds from COMSAT's stock sale was "wired" to Traditions, but the intended use of these funds is contested. *Id.* ¶¶ 53-54, 56. According to Germaine Harmon, these funds were intended for the sole benefit of The Harmon 1999 Descendants' Trust. *Id.* ¶ 54. But the Trust claims that the proceeds from the COMSAT infusion were properly used to purchase a horse farm in Middleburg, Virginia known as Wind Fields Farm *Id.* ¶¶ 18, 55-56. This farm, according to the H99DT Trustee, was purchased for the benefit of the Trust's beneficiaries and that the funds Traditions used to operate the farm rightfully belong to the Trust. *Id.* ¶ 56.

At some point in 2009, Traditions began to transfer funds to an entity called Fame Trading Limited ("Fame"). *Id.* ¶ 57. These transfers continued until about 2011, and Traditions transferred an estimated $15 million dollars to Fame over this time period. *Id.* Fame was owned by Traditions, and the Trust also claimed an ownership interest in Fame. *Id.* Fame used the $15 million dollars it received from Traditions to finance another entity, AGI, as that entity was restructured after

entering bankruptcy.  *Id.* ¶ 58.

After AGI completed its bankruptcy restructuring, Fame owned 94.5% of AGI.  *Id.* Relying on "public bankruptcy filings and Traditions' internal records," Germaine Harmon alleges that Traditions exclusively funded AGI's acquisition and recapitalization in bankruptcy; the Trust, by contrast, provided no funds (either directly or through Fame) to purchase AGI equity during AGI's restructuring.  *Id.* ¶¶ 58-59.  She alleges that both Traditions and the Harmon 1999 Descendants' Trust were listed as beneficial owners of Fame.  *Id.* ¶ 58.

Following AGI's bankruptcy proceedings, AGI's operations were transferred to several interrelated entities.  Collectively, these entities were known as "Astrata" and were organized under the umbrella of a holding company, CIH Technology, LLC.  The H99DT Trustee now claims an ownership interest in that holding company, CIH Technology.  And CIH Technology in turn claims a 100% ownership of most Astrata entities.  All told, Germaine Harmon alleges this means that Tradition's equity interest in the Astrata entities—which Traditions obtained through its exclusive funding of AGI's recapitalization in bankruptcy—is extinguished.  *Id.* ¶ 61.  She recounts that "Traditions was the sole source of capital used to acquire, fund, and grow AGI and future related entities," now known as Astrata.  *Id.* ¶ 63.

Germaine Harmon alleges that the H99DT Trustee relies on what she calls a "sham promissory note" that purports to limit Traditions' equity interest in AGI and related Astrata entities.  *Id.* ¶ 62.  The so-called sham promissory note, which has an "illusory payment date," limits Traditions' interest "to that of a creditor with an unsecured promissory note."  *Id.*  Later, in 2014, Fame seemingly engaged in another series of sham transactions.  *Id.* ¶ 64.  At that point, Fame was allegedly dissolved, and its equity interests in AGI (and in AGI's related entities) were extinguished.  *Id.*

B. Procedural Background

Plaintiff H99DT Trustee filed a Complaint in this Court on November 23, 2020, bringing a single cause of action for breach of fiduciary duty as trustee against Defendant Germaine Harmon. Dkt. 1.

On December 28, 2020, Defendant Germaine Harmon filed an answer and affirmative defenses. She also brought a counterclaim and Third-Party Complaint seeking declaratory judgment against CGH Investment Management, LLC, as successor in interest to Traditions, LP, and Therese Harmon in her representative capacity as the alleged trustee for H99DT. Defendant Germaine Harmon also brought a Counterclaim for Unjust Enrichment against Plaintiff H99DT Trustee and a Third-Party Complaint against Therese Harmon in her representative capacity as trustee for H99DT, and against CIH Technology Holdings, LLC.

On January 19, 2021, Plaintiff H99DT Trustee moved to dismiss and strike Defendant Germaine Harmon's unjust enrichment counterclaim, arguing the claim is barred by Federal Rule of Civil Procedure 14(a) and that Germaine Harmon lacks standing to assert the counterclaim. Dkt. 16. CIH Technology also moved to dismiss and strike Defendant Germaine Harmon's unjust enrichment counterclaim on February 1, 2021, asserting that her claim is time-barred, that she lacks standing, and that her claim does not arise out of the same transaction or occurrence as the underlying breach of fiduciary duty claim brought against Germaine Harmon. Dkt. 26. CIH Technology filed a second motion to dismiss on March 1, 2021, this time moving to dismiss Third-Party Defendant CGH Investment's unjust enrichment crossclaim against CIH Technology on the basis that the claim is time-barred and that it must be dismissed for lack of subject-matter jurisdiction if the Court also dismisses Germaine Harmon's unjust enrichment claim against CIH Technology. Dkt. 45. Then, on March 2, 2021, Plaintiff H99DT Trustee also moved to strike or

dismiss Third-Party Defendant CGH Investment's unjust enrichment crossclaim, arguing the claim cannot proceed because it does not arise out of the same transaction or occurrence as the underlying claim asserted against Germaine Harmon and because it is time-barred.[2]  Dkt. 48.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint.  *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011).  "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal is appropriate only if the well-pleaded facts in the complaint fail to "state a claim that is plausible on its face.'"  *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Twombly*, 550 U.S at 555, 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted.  *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.").  And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion."  *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508).

---

[2] Defendant Germaine Harmon has also filed a Motion for Summary Judgment (Dkt. 64), which remains pending.

III. ANALYSIS

A. Motions to Dismiss Germaine Harmon's Unjust Enrichment Counterclaim

Plaintiff H99DT Trustee and CIH Technology both seek to dismiss Germaine Harmon's unjust enrichment counterclaim. Dkt. Nos. 16; 26. The Court will address each motion to dismiss in turn.

*1. H99DT Trustee's Motion to Dismiss Unjust Enrichment Counterclaim*

In her response to the Complaint, Germaine Harmon brought a counterclaim and a third-party claim against CIH Technology for unjust enrichment arising from CIH Technology's ownership of certain assets. CIH Technology—through its parent, Plaintiff H99DT Trustee—argues that these assets are unrelated to the disputed stock sale or Germaine Harmon's trusteeship of H99DT. Plaintiff H99DT Trustee urges dismissal of Germaine Harmon's unjust enrichment counterclaim for two reasons: (1) because it is barred by Federal Rule of Civil Procedure 14(a)'s requirement that liability sought to be imposed through a third-party claim must be derivative of the liability that a plaintiff seeks to impose upon the defendant; (2) because Germaine Harmon lacks standing to assert the claim. Dkt. 17 at 4-9.

In her opposition brief, Germaine Harmon argues that joinder is proper under Federal Rules of Civil Procedure 13, 19, and 20—as well as Rule 14—and that she has standing to assert her unjust enrichment claim based on the H99DT Trustee's own damages claim against her personally. Dkt. 31.

a. Joinder

First, the Court finds that joinder of CIH Technology is proper under the applicable Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 13(h), "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h).

8

Specifically, CIH Technology is a proper counterclaim defendant under Federal Rule of Civil Procedure 20.  That Rule allows for "permissive" joinder of co-defendants when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)-(B). The Rule is phrased in the conjunctive; therefore, the right to relief must arise out of the same transaction or occurrence *and* there must be some question of law or fact common to all parties before a court may find that joinder is proper under Rule 20.  *See* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed. 2015).

As the Fourth Circuit has held, "Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and 'should be construed in light of its purpose, which 'is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'"  *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (quoting *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)).  Applying Rule 20 in this way is consistent with "the impulse" of the Federal Rules of Civil Procedure "toward entertaining the broadest possible scope of action consistent with fairness to the parties."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (observing that "joinder of claims, parties and remedies is strongly encouraged").  And even though "[i]t is well-settled that the 'transaction or occurrence' test should be construed broadly to promote judicial efficiency . . . courts cannot ignore [Rule 20's] plain limitations simply for efficiency's sake."  *Volkswagen AG v. Unincorporated Associations*, No. 1:17-cv-1413, 2018 WL 4145080, at *2 (E.D. Va. Aug. 30, 2018).

Here, Germaine Harmon has joined CIH Technology, a business entity she alleges has received and retained disputed proceeds from the COMSAT stock sale.  Her counterclaim appears

to squarely concern a key question raised by the H99DT Trustee's Complaint, which is who was entitled to the proceeds of the COMSAT stock sale after those proceeds were paid to Traditions. Germaine Harmon's counterclaim alleges that H99DT improperly funneled millions of dollars of those proceeds, and the assets those funds secured, to CIH Technology—a company owned by H99DT.  Rule 20's transaction-or-occurrence test "permit[s] all reasonably related claims for relief by or against parties to be tried in a single proceeding." *Saval*, 710 F.2d at 1031 (internal citations omitted) (observing that "[a]bsolute identity of events is unnecessary" under Rule 20).

Specifically, Germaine Harmon's alleged injuries by CIH Technology involve the same occurrences and common questions of law and fact as those applicable to the H99DT Trustee's Complaint.  She alleges that the funds Traditions transferred to Fame are the very same funds at issue in the breach of fiduciary duty claim the H99DT Trustee has brought against her.  The H99DT Trustee's allegations make clear that the unjust enrichment claim arises out of the same transaction and occurrence as the claim brought against Germaine Harmon.  For example, in bringing a breach of fiduciary duty claim against her, the H99DT Trustee relies on the fact that Germaine Harmon initiated a separate lawsuit in Florida against Timothy Harmon.  Dkt. 1, ¶ 16.  When Germaine Harmon brought that lawsuit, the H99DT Trustee asserts, she "violated her duties of loyalty and fidelity to the Trust."  *Id.*  But that civil action concerned "the COMSAT proceeds" and featured Germaine Harmon's argument "that H99DT was not entitled to one hundred percent of the proceeds of sale of the COMSAT stock."  *Id.*  Consequently, the Court at this stage of the proceedings must  reject the suggestion that Germaine Harmon's unjust enrichment claim, which is also based on the alleged misdirection of COMSAT proceeds, does not arise out of the same transaction or occurrence as the H99DT Trustee's underlying complaint regarding her alleged breach of fiduciary duties.

In sum, Rule 20 allows for the permissive joinder of CIH Technology.[3]  Because the rules on permissive joinder allow CIH Technology to be joined to this action as a counterclaim defendant, the Court declines to address, at this juncture, whether CIH Technology is a necessary or indispensable party under Federal Rule of Civil Procedure 19.

Although the H99DT Trustee argues that Germaine Harmon's counterclaim is improper under Federal Rule of Civil Procedure 14(a), H99DT's argument appears to rest on the premise that Rule 14(a) is the only avenue available to Germaine Harmon in asserting a claim against a third-party defendant in this action.  In fact, the H99DT Trustee's briefing does not address the applicability of Rules 13 and 19 apart from asserting they are irrelevant because Germaine Harmon lacks standing.  *See generally* Dkt. 16; *see also* Dkt. 33 at 6.  Because the Court views Germaine Harmon's unjust enrichment counterclaim asserted in her third-party complaint as effectuating a permissive joinder of the H9DDT Trustee under Rules 13(h) and 20, though, the Court does not rest its joinder decision solely on Rule 14(a)'s principles of derivative liability.

Even so, joinder of CIH Technology under Rule 14(a) is proper.  Germaine Harmon's unjust enrichment claim depends on the outcome of the H99DT Trustee's breach of fiduciary claim against her.  If the H99DT Trustee succeeds in imposing liability on Germaine Harmon for her alleged actions depriving the Trust of its interest in the COMSAT proceeds, Germaine Harmon alleges that the H99DT Trustee, through CIH Technology, will be unjustly enriched because the monies at issue have already been rerouted to CIH Technology and its assets.  Essentially, whether the H99DT Trustee and CIH Technology are liable for unjust enrichment will turn on whether this Court finds that Defendant Germaine Harmon breached her fiduciary duties to Plaintiffs.  A third-

---

[3] Furthermore, no delay or prejudice will result from this joinder because the parties have already engaged in substantial discovery-related motion practice.

party complaint arising in that posture is proper under Rule 14(a).  *See, e.g.*, *Superior Performers, Inc. v. Ewing*, No. 1:14CV232, 2015 WL 790371, at *3 (M.D.N.C. Feb. 25, 2015) (noting that under Rule 14(a), "a third-party defendant's liability to a defendant is dependent on finding that the defendant wronged the plaintiff"); *Deutsche Bank Nat'l Tr. Co. v. Tyner*, 233 F.R.D. 460, 463 (D.S.C. 2006) ("To be proper, the third-party complaint must allege that [third-party defendants'] liability is dependent on the outcome of plaintiff's claim against [defendants] or that [third-party defendants] are secondarily liable to the [defendants].").  As Germaine Harmon's unjust enrichment claim follows this rubric, the Court finds that her counterclaim is proper under Rule 14(a).

### b. Standing

The Court also concludes that Germaine Harmon, in her individual capacity, has standing to assert her unjust enrichment counterclaim against H99DT and CIH Technology.  The H99DT Trustee has asserted a claim against Germaine Harmon for the value of COMSAT proceeds.  Were this damages claim to succeed on the merits, H99DT would impose liability on Germaine Harmon personally, not on CGH Investment.  This constitutes an injury sufficient to confer standing on Germaine Harmon to sue for unjust enrichment.  *See, e.g.*, *AIX Specialty Ins. Co. v. BBL Invs., Inc*, No. 4:14-cv-2645, 2015 WL 12778400, at *1 (S.D. Tex. Aug. 18, 2015) ("[T]he Court has subject matter jurisdiction over Moreno's counterclaims because AIX is the party that brought him into the pending action . . . In so doing, it conferred on Moreno standing to bring counterclaims against it.").

The H99DT Trustee asserts that Germaine Harmon's unjust enrichment claim "belongs to Traditions" and that she cannot "step into Tradition's shoes to assert its claims against H99DT or CIH."  Dkt. 33 at 6 & n.4.  But Germaine Harmon brings a counterclaim seeking a declaratory

judgment in her personal "capacity as both the controlling interest in Traditions' general partner and a Traditions limited partner[.]"  Dkt. 5, ¶ 66.  Together with her unjust enrichment claim, Germaine Harmon's counterclaim seeks to resolve a competing claim of ownership over the COMSAT proceeds.  Here, the H99DT Trustee initiated the present litigation by bringing a claim against Germaine Harmon in her personal capacity for breach of fiduciary duty.

In reaching this determination, the Court relies on its recent decision in *Strategic Acquisitions, LLC v. 1433 K St. SE Partners, LLC*, No. 1:20-cv-01032, 2021 WL 1914239, at *7 (E.D. Va. Feb. 23, 2021) (Trenga, J.).  In that case, counterclaim defendants sought to dismiss claims for lack of standing that were brought by an individual member of a corporate entity, a limited liability company.  The counterclaim plaintiff—a natural person, Sekou Mapp—was a named defendant in the underlying, originating complaint.  The counterclaim defendants in *Strategic Acquisitions* argued that Mapp did "not have standing to assert" common law fraud claims on behalf of the corporate entity, *id.* at *5, that he was "not a party who can assert this claim." *Id.* at *7.  The Court rejected this argument, denying the counterclaim defendants' motion to dismiss.  That reasoning is instructive here, and this Court follows the same course without expressing any view as to the merits of Germaine Harmon's unjust enrichment claim.

Furthermore, at the pleading stage it is appropriate to distinguish between a claim asserted by a counterclaim plaintiff in an individual capacity and one that an individual brings in a representative capacity on behalf a legal entity.  Although the former may not proceed absent some showing of derivative liability, it may survive a motion to dismiss in certain cases.  *See Pensionsversicherungsanstalt v. Turner*, No. 04CIV.1694, 2004 WL 1542221, at *2 (S.D.N.Y. July 2, 2004) ("Turner has standing so far as his counterclaims are brought in his individual capacity for harm done to him."); *Hutton v. Nat'l Bd. of Examiners in Optometry, Inc.*, 892 F.3d

613, 620 (4th Cir. 2018) (holding that in evaluating a complaint for lack of standing at the pleading stage, "'general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim'") (citing *Lujan v. Def'rs of Wildlife*, 504 U.S. 555, 561 (1992)).

The Court finds that Germaine Harmon has alleged facts that make it plausible she has been personally injured by the liability the H99DT seeks to impose on her as a proxy for Traditions. Accordingly, the Court denies the motion to dismiss for lack of standing.[4]

### 2. CIH Technology's Motion to Dismiss Unjust Enrichment Counterclaim

CIH Technology separately moves to dismiss Germaine Harmon's unjust enrichment claim, arguing that (1) her claim is time-barred; (2) she lacks standing to assert the claim in her individual capacity; and (3) her claim does not arise out of the same transaction or occurrence of Plaintiff H99DT's underlying claim against Germaine Harmon.  Dkt. 27.

In response, Germaine Harmon argues that her unjust enrichment claim cannot be dismissed on statute-of-limitations grounds, that she has standing by virtue of Plaintiff H99DT's damages claim asserted against her, and that joinder is proper under Federal Rules of Civil Procedure 13, 19, and 20.  Dkt. 41.

### a. Statute of Limitations

Defendant CIH Technology moves to dismiss Germaine Harmon's unjust enrichment counterclaim on statute-of-limitations grounds, arguing that the three-year statute of limitations that applies to the claim lapsed long ago.  According to CIH Technology, the statute of limitations

---

[4] This ruling does not preclude any party from properly asserting a lack of subject-matter jurisdiction at a later juncture in this litigation—based on facts adduced in discovery, for example—as "[o]bjections to subject-matter jurisdiction [] may be raised at any time."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

expired on December 31, 2017, at the latest, and dismissal is therefore appropriate on that ground. Dkt. 28 at 8-10.

Although certain statute-of-limitations questions are relatively straightforward judicial evaluations, this case is not one that is capable of obvious resolution at the pleading stage.  The Fourth Circuit has explained that "asserting an affirmative defense, like a statute of limitations defense, in a motion to dismiss presents a particular 'procedural stumbling block' for defendants." *CSX Transp., Inc. v. Gilkison*, 406 F. App'x 723, 728 (4th Cir. 2010).   Only in the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint" may a statute-of-limitations defense "be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).  Even then, evaluation of a time-bar defense at the pleading stage is only appropriate when "all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'"  *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

Determining whether Germaine Harmon's unjust enrichment claim is time-barred is a fact-bound inquiry, as facts associated with the questions of accrual, equitable estoppel, and various tolling doctrines are not before the Court on the motion-to-dismiss stage.  This case requires a fact-intensive evaluation with respect to a number of questions, including the "illusory" payment date that CIH Technology and H99DT purportedly used in making out a "sham promissory note" to transfer millions of dollars in assets to CIH Technology.  Dkt. 5, ¶ 62.  Similarly, Germaine Harmon alleges that she relied on certain representations regarding Timothy Harmon's management of Traditions from her husband's death some twenty years ago until 2019.  *See id.* ¶ 48.  Therefore, this case is not one of those "rare circumstances" where a statute-of-limitations affirmative defense is readily resolved based on the face of the complaint.  *Goodman*, 494 F.3d at

466.  The Court therefore declines to dismiss Germaine Harmon's unjust enrichment claim as time-barred.

### b. Standing

CIH Technology also moves to dismiss Germaine Harmon's unjust enrichment claim for lack of standing, making largely similar arguments as the H99DT Trustee.  Dkt. 27 at 10-11.  The Court adopts the same rationale outlined in Section III(A)(1)(b) of this Memorandum Opinion and similarly denies CIH Technology's motion to dismiss for lack of Germaine Harmon's standing.

### c. Transaction or Occurrence

Lastly, CIH Technology argues that Germaine Harmon's unjust enrichment counterclaim does not arise out of the same transaction or occurrence as the breach of fiduciary duty claim brought against her.  Dkt. 27 at 11-15.  As a result, CIH Technology argues, dismissal of Germaine Harmon's unjust enrichment counterclaim is proper.

On this point, the Court adopts its reasoning outlined in Section III(A)(1)(a) of this Memorandum Opinion and finds that the events underlying the breach of fiduciary duty claim against Germaine Harmon arose out of the same transaction and occurrence as Germaine Harmon's counterclaim against CIH Technology.  Accordingly, the Court also denies CIH Technology's motion to dismiss on this basis.

### B. Motions to Dismiss CGH Investment's Unjust Enrichment Crossclaim

The Court next turns to a second pair of motions to dismiss the unjust enrichment crossclaims asserted by Third-Party Defendant CGH Investment.  The Court resolves H99DT's motion to dismiss before turning to before turning to CIH Technology's dismissal motion.

### 1. H99DT Trustee's Motion to Dismiss Unjust Enrichment Crossclaim

Plaintiff H99DT Trustee makes two arguments for dismissal of Third-Party Defendant

16

CGH Investment's unjust enrichment crossclaim.  First, the Trust argues the claim is improper because it does not arise from the same transaction or occurrence of its original claim against Germaine Harmon.  Second, the Trust contends the claim is time-barred.  Dkt. Nos. 49; 54.

Arguing against dismissal, CGH Investment asserts that Plaintiff H99DT Trustee has failed to show that CGH Investment's crossclaim is improper or that its statute-of-limitations defense can be resolved at the motion-to-dismiss stage.  Dkt. 52.

Having already determined that Germaine Harmon's unjust enrichment counterclaim arises out of the same transaction and occurrence as the H99DT Trustee's breach of fiduciary duty claim against her, the Court reaches the same conclusion with respect to CGH Investment's unjust enrichment crossclaim asserted against the H99DT Trustee.  Thus, the Court will not dismiss the crossclaim on that ground.  Whether brought under Federal Rule of Civil Procedure 13(g) or Rule14(a)(2)(D), the Court finds that the claim is proper.  The Court finds that there is sufficient "evidentiary similarity" between CGH Investment's unjust enrichment crossclaim and the H99DT Trustee's original complaint.  *See Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988).  In particular, CGH Investment's unjust enrichment crossclaim concerns the proper disposition of the COMSAT stock sale proceeds.  This includes whether CIH Technology is holding equity and funds in the Astrata entities for the benefit of the H99DT Trustee or CGH Investment, as the underlying complaint explicitly raises.  Dkt. 1, ¶¶ 12-24.  Therefore, CGH Investment's unjust enrichment claim is appropriately before the Court.

Consistent with its analysis of the H99DT Trustee's statute-of-limitations argument with respect to Germaine Harmon's unjust enrichment counterclaim, the Court similarly concludes that disposing of CGH Investment's unjust enrichment crossclaim on statute-of-limitations grounds is premature at the motion to dismiss stage.  The Court therefore declines to dismiss the crossclaim

on that basis.

*2. CIH Technology's Motion to Dismiss CGH Investment's Unjust Enrichment Crossclaim*

CIH Technology also moves to dismiss CGH Investment's unjust enrichment crossclaim, contending that 1) the claim is time-barred; and 2) the claim must be dismissed for lack of subject-matter jurisdiction, an argument that depends on the Court dismissing Germaine Harmon's original third-party claim against CIH Technology.  Dkt. 46.

The Court will not dismiss CGH Investment's unjust enrichment claim against CIH Technology on statute-of-limitations grounds for the reasons stated in Section III(A)(2)(a) of this Memorandum Opinion.

A district court must dismiss an action over which it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1), (h)(3).  There are two ways in which a defendant may present a 12(b)(1) motion.  First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* Conclusory statements and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).  Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996).

As the Court has not dismissed Germaine Harmon's original third-party claim against CIH Technology, the subject-matter jurisdiction basis for dismissal that CIH Technology raises in its Motion to Dismiss is not implicated. *See* Dkt. 46 at 7-11.  Therefore, the Court also declines to

dismiss CGH Investment's unjust enrichment crossclaim on this basis.

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the H99DT Trustee's Motion to Dismiss and to Strike (Dkt. 16) is DENIED; and it is

FURTHER ORDERED that CIH Technology's Motion to Dismiss and to Strike (Dkt. 26) is DENIED; and it is

FURTHER ORDERED that the H99DT Trustee's Motion to Dismiss Crossclaim (Dkt. 48) is DENIED; and it is

FURTHER ORDERED that Defendant CIH Technology's Motion to Dismiss and to Strike (Dkt. 45) is DENIED.

IT IS SO ORDERED.

Alexandria, Virginia
September 29, 2021

/s/

Rossie D. Alston, Jr.
United States District Judge