IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THERESE HARMON, Trustee of THE HARMON 1999 DESCENDANTS' TRUST, )<br><br>Plaintiff/Counterclaim Defendant, )<br><br>v. )<br><br>GERMAINE F. HARMON, )<br><br>Defendant/Third-Party Plaintiff, )<br><br>v. )<br><br>CGH INVESTMENT MANAGEMENT, LLC, as successor in interest to TRADITIONS, LP, and CIH TECHNOLOGY HOLDINGS, LLC, )<br><br>Third-Party Defendants. ) | Civil Action No. 1:20-cv-1442 (RDA/TCB) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the objections to Magistrate Judge Buchanan's August 6, 2021 Sanctions Order filed by CIH Technology Holdings, LLC and Therese Harmon, Trustee of the Harmon 1999 Descendants' Trust ("the H99DT Trustee" or "H99DT"). Dkt. Nos. 138; 140. These objections are now fully briefed and ripe for resolution.

Considering the objections together with Defendants Germaine F. Harmon's and CGH Investment's Opposition to that motion (Dkt. 154); and the H99DT Trustee's and CIH Technology's Replies (Dkt. Nos. 160; 161), the Court overrules the objections for the reasons that follow.

## I. BACKGROUND

The factual background of this case was set out in the Court's September 29, 2021 Memorandum Opinion and Order denying the motions to dismiss. *See* Dkt. 166 at 2-7. As a result,

this Court reviews the procedural history only as it relates the parties' objections.

Plaintiff H99DT filed suit in this Court on November 23, 2020, alleging one count of breach of fiduciary duty as trustee against Defendant Germaine Harmon.  Dkt. 1.  In her Answer to the Complaint, Germaine Harmon brought a declaratory-judgment counterclaim against H99DT and a third-party claim against CGH Investment Management.  Dkt. 5 at 9.  She also brought a counterclaim and a third-party claim against CIH Technology for unjust enrichment arising from CIH Technology's ownership of certain assets, seeking to impose a constructive trust over H99DT and CIH Technology in favor of Germaine Harmon.  *Id.* at 9-10.  At the time of the alleged unjust enrichment from CGH Investment to CIH Technology, Tim Harmon was the President of the General Partner of Traditions LP—the entity now known as CGH Investment Management.  The H99DT Trustee moved to dismiss the unjust enrichment counterclaim and to strike the third-party claim against CIH Technology.  Dkt. 16.  CIH Technology also moved to dismiss Germaine Harmon's unjust enrichment counterclaim and moved to strike that count from her Third-Party Complaint.  Dkt. 21.  The Court has denied those motions to dismiss.  Dkt. 166.

After discovery began, the parties encountered several discovery disputes.  Following a meet-and-confer session, Germaine Harmon filed a motion to compel production of financial records.  Dkt. 68.  Magistrate Judge Theresa Buchanan held a hearing on the motion on April 23, 2021, where she overruled H99DT's objections and stated that discovery related to financial records would need to be disclosed, regardless of which entity Therese Harmon and Tim Harmon had a direct role in overseeing:

> And I want to make sure that you all understand . . . the financial records here, I think, the bulk have got to be brought to the sunlight, frankly.  And that means going back to the inception of the trust.  And I'm not going to account in some sort of shell game between where this money went and entities that might hold the money when they're all essentially controlled or were under the control of Tim and Therese Harmon and where the money went, frankly, has got to be traced and

brought to light.  And I'm not going to differentiate between that.

So I don't want to have to come back, have to see you all on multiple motions here to compel about financial documents just because one entity owns it versus another entity when they were all part of this bollix[ed] up thing that the plaintiffs – well Therese Harmon and Tim Harmon had a direct hand in.

Dkt. 145-4.  Judge Buchanan compelled production of financial records in a subsequent order, directing H99DT to produce all responsive records by April 30, 2021.  Dkt. 73.

On the day of its deadline to provide the court-ordered financial records, H99DT moved for an extension of time to produce documents.  Dkt. 78.  Germaine Harmon opposed that motion on the grounds that the H99DT Trustee was reasserting objections the Court had already overruled. Dkt. 79.  On May 5, 2021, the Court denied the motion for an extension of time, observing that Plaintiff "ha[d] not stated a good cause for an extension."  Dkt. 81.  In addition, the Court ordered Plaintiff to "fully produce all responsive documents to the above requests by Friday, May 7, 2021" and stated that "[i]f Plaintiff does not produce all outstanding documents by this date the Court will consider a motion for sanctions."  *Id.*

Although Judge Buchanan had ordered H99DT to obtain responsive records from an employee of Tim Harmon's who performed bookkeeping functions, Janet Cowgill, Germaine Harmon ultimately filed an action in federal court in Ohio to enforce the subpoena that had been served on Cowgill in this case.  The Ohio court ordered that "Cowgill shall produce the subpoenaed electronic QuickBooks records, no later than May 25, 2021, in one complete production, regardless of whether Cowgill believes the requested electronic records have already been produced."  Dkt. 99-4 at 14.  The Court went on to specify which file types should be produced.  *Id.*  Cowgill provided certain discovery by the court-ordered deadline, but her production did not include any QuickBooks files for entities controlled by Tim Harmon or Therese Harmon.

Depositions continued into June of 2021.  Tim Harmon was deposed as the designated

representative of H99DT *and* CIH Technology pursuant to Federal Rule of Civil Procedure 30(b)(6).  Cowgill also sat for a deposition.  During her deposition, Cowgill first testified that she deleted certain QuickBooks back-up files.  She later testified that she had never searched for court-ordered back-up QuickBooks files, even though H99DT had represented to Judge Buchanan that "Cowgill is the only person who can generate the remaining QuickBooks file[s]" in its request to be relieved of further obligations under the Court's April 23, 2021 Order.  Dkt. 80 at 11-12.  Seeking to reconcile seemingly inconsistent statements about Cowgill's relationship to the QuickBooks files, counsel for defendant Germaine Harmon then probed Cowgill on the issue, asking her to open Therese Harmon's "client portal" in real time on Zoom.  Dkt. 99-2.  When Cowgill opened the portal, she revealed that it contained a number of data files for different entities, including a folder specific to H99DT containing a number of QuickBooks back-up files.  On cross-examination, Cowgill testified that files residing on the Harmons' client portal could have been accessed at any time and suggested that Tim Harmon or Therese Harmon had access to the files themselves.  *Id.*

Germaine Harmon and CGH jointly moved for sanctions on the discovery cutoff date, June 11, 2021, alleging that Tim Harmon and Therese Harmon had violated the Court's order compelling production.  Dkt. 99.  Judge Buchanan held a hearing on the motion for sanctions on July 23, 2021.  At the hearing, the Court addressed H99DT's non-compliance with the Court's discovery orders, including its failure to produce several QuickBooks back-up files, Tim Harmon and Therese Harmon's deficient searches of electronically stored information ("ESI"), and their claims about the extent of their efforts to search all of their hard-copy records.  Dkt. 154-5 (Exhibit E to Defendant's Opposition).  The Court admonished Plaintiff's counsel for "being coy" and stated that it was "clear that [H99DT] ha[d] been selective in parsing everything to the minute

degree to figure out what can be withheld and what had to be produced" despite the Court's order "direct[ing] counsel, last time we were here, to produce everything and not hold anything back[.]" *Id.* at 12.  The Court acknowledged "that's clearly not what has happened" and concluded that Tim Harmon and Therese Harmon had elected to "hide" discovery material that "came out during the deposition."  *Id.* at 13.

Ultimately, although the Court was "tempted to sanction" at the July 23 hearing, Judge Buchanan gave Plaintiffs "one last chance" to comply on the basis that "it is better to get the documents produced than to sanction someone if there is a chance of getting the documents produced." *Id.* at 29.  The Court specifically ordered the following discovery material be produced:

- "Every QuickBook backup file and they were all listed with dates in the deposition and in this motion, identified by Ms. Cowgill in her deposition . . . with all of the metadata related to those dates";
- "[E]very asset statement of H99DT . . . no matter what type . . . whether it's brokerage account, a bank, whatever you want to call it, every asset statement will be produced going back to its inception";
- "[A] list of every asset owned by H99DT," "whether it was subject to their original discovery request or not";
- "[A] statement from Northern Trust and any other entity, as I said, brokerage accounts, bank statements, so forth, as to when that account was created, and to verify from that entity, that company that holds the money, that you are producing every statement that they have related to that account for every month since its inception."

*Id.* at 29-30.  In addition, the Court ordered counsel for Plaintiffs to "have your clients do a new search of their e-mails and their texts with key words" and to produce the responsive material to opposing counsel.  *Id.* at 30.  Judge Buchanan set a deadline of Tuesday, July 27, to comply with the Court's Order.  Dkt. 111.

On July 30, 2021, Defendants Germaine Harmon and CGH Investment renewed their motion for sanctions.  In support, they alleged multiple violations of the Court's July 23, 2021 Order, including (1) H99DT's failure to collect, search, or produce certain ESI that Tim Harmon

had "elected" not to turn over; (2) H99DT's failure to search Tim Harmon and Therese Harmon's for responsive texts; (3) H99DT's failure to produce QuickBooks back-up files and its failure to explain why certain files had disappeared; and (4) failure to timely provide asset disclosures and bank statements.  In its opposition brief, H99DT argued that the short, Court-ordered timeline for production had hampered its ability to timely comply with the July 23, 2021 Order.  Dkt. 122.

Judge Buchanan held a hearing on the renewed motion for sanctions on August 6, 2021. In this extensive and very thorough hearing, the Court received evidence and heard argument regarding several alleged discovery violations by Tim Harmon and Therese Harmon.  Specifically, the Court inquired as to Tim Harmon's continued withholding of ESI, Tim Harmon and Therese Harmon's failure to provide Court-ordered QuickBooks files, and their missing text messages.  *See* Dkt. 145-6.  At the hearing, there was some suggestion that both Tim Harmon's and Therese Harmon's phones were configured to auto-delete text messages after thirty days—even after this litigation had begun and they were advised of their duty to preserve.  *Id.*  This appears not to have been the case, however, as counsel for H99DT attached Therese Harmon's text messages from January of 2021 in a filing and now admits that he had "erroneously state[]d" his client's phone had been set to automatically delete messages.  Dkt. 140 at 24 n.29.

Other aspects of Tim Harmon's conduct generated scrutiny from the Court.  Tim Harmon represented that "he no longer had access to the data on the computer from which the Florida ESI was obtained"; according to Tim Harmon, he could not access the data "because that computer failed in May 2020."  Dkt. 140 at 21 n.26.  Before the August 6, 2021 hearing, Tim Harmon filed a motion seeking leave of court to file a "Statement of Interest Opposing Defendants' Renewed Joint Motion for Rule 37 Sanctions Against Plaintiff" with counsel he had personally retained. Dkt. 126.  The Court denied that motion, finding that it was inappropriate to allow him to intervene

personally "when he chose to not cooperate in the discovery of this litigation." Dkt. 140-2 at 44. As the Court noted at the August 6, 2021 hearing, Tim Harmon had "directed that all of [the] ESI [relating to parallel litigation in Florida] go through his personal counsel and not be produced directly to H99DT counsel, as was the obligation" under the Court's orders. *Id.* Judge Buchanan took this tactic by Tim Harmon as a "direct thwart of [her] prior orders as to discovery." *Id.*

Following the August 6, 2021 hearing, Judge Buchanan declined to recommend that the default judgment be entered, instead taking that portion of Defendants' motion under advisement. Dkt. 129 at 2. Ultimately, the Court issued an order under Rule 37(b)(2), which included several provisions. First, the Court precluded H99DT "from offering its so-called 'course of dealing' evidence as to the accounting of Traditions' funds, which includes the oral 'understandings' that Tim Harmon utilized to inject H99DT into the partnership." *Id.* at 1. Second, the Court addressed ongoing discovery deficiencies, ordering H99DT to "continue to produce all outstanding responsive documents including, but not limited to, Quickbooks files, emails, texts and bank statements." *Id.* Third, the Court ruled that Tim Harmon "may not be called to testify as a witness except by Defendants" at trial, further ordering that he would not be permitted to offer trial testimony "beyond the scope of questioning" by defense counsel. *Id.* at 1-2. Finally, the Court granted Defendants fees and costs associated with their renewed motion for sanctions, directing them to submit a separate fee petition. *Id.* at 2.

H99DT and CIH Technology both filed objections to Judge Buchanan's Order on August 20, 2021. Dkt. Nos. 138; 140. Defendants Germaine Harmon and CGH Investment filed a joint opposition (Dkt. 154) to Plaintiffs' objections on September 10, 2021, to which Plaintiffs replied on September 17, 2021. Dk. Nos. 160; 161.

## II. STANDARD OF REVIEW

### A. Non-Dispositive Rulings Under Rule 72(a)

Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's ruling on non-dispositive questions.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Fed. Election Comm'n v. The Christian Coalition*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).  When a district judge reviews a magistrate's discovery order, usually a non-dispositive matter, the court applies the "clearly erroneous or contrary to law" standard of review.  *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).  Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court modify or set aside any portion of the decision.  Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A).  A magistrate's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985).  "[A]ltering a magistrat[e] [judge's] non-dispositive orders [is] 'extremely difficult to justify.'" *Carlucci v. Han*, 292 F.R.D. 309, 312 (E.D. Va. 2013) (quoting 12 Charles Alan Wright & Arthur R. Miller *et al.*, Federal Practice & Procedure § 3069 (2d ed. 1997)).  And "although an abuse-of-discretion attitude should apply to many discovery and related matters," this exacting standard "need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives."  12 Wright & Miller § 3069 (2d ed. 1997).

### B. Dispositive Rulings Under Rule 72(b)

On the other hand, a magistrate judge's dispositive order is reviewed *de novo*.  *Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 756 (E.D. Va. 2014) (citing Fed. R. Civ. P. 72(b)(3)).

The Federal Magistrates Act provides that a district judge shall make a *de novo* determination of any part of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b).  A judge also "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," *id.*; *see also Beck v. Angelone*, 113 F. Supp.2d 941, 947 (E.D. Va. 2000), and may receive further evidence or remand the matter to the magistrate with instructions.  24 U.S.C. § 636(b)(1)(C).  In reviewing objections to a magistrate judge's dispositive ruling, a district court exercises a role traditionally performed by an appellate court, reviewing only those legal issues raised in the proceedings below.  *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (analyzing Federal Magistrates Act and concluding "that on these dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing.").  Although a district court may also receive post-hearing evidence that was not before the magistrate, *see* 28 U.S.C. § 636(b)(1), it may decline to consider such extra-record evidence, "and attempts to raise new evidence on appeal are disfavored."  *Virgin Enterprises Ltd. v. Virgin Cuts, Inc.*, 149 F. Supp. 2d 220, 223 (E.D. Va. 2000).

## III. ANALYSIS

The H99DT Trustee and CIH Technology both object to Magistrate Judge Buchanan's Sanctions Order.  Dkt. Nos. 140; 138.  The Court first addresses a threshold question regarding the nature of Judge Buchanan's rulings before turning to H99DT's and CIH Technology's objections.

### A. Whether the Sanctions Order is Dispositive

In their objections, both H99DT and CIH Technology argue the magistrate judge's August 6, 2021 Order should be construed as a dispositive ruling.  They argue orders that effectively end litigation should be deemed dispositive and, therefore, may only be properly issued by a magistrate in a report and recommendation setting forth factual findings and legal conclusions.  Dkt. Nos. 140

at 27-32; 138 at 7-8.  In response, Defendants argue that when a magistrate judge's sanctions order has a dispositive effect on portions of a litigation, only specific objections merit a *de novo* review. Because they allege H99DT and CIH Technology failed to make any specific objections, Defendants assert that "discussion of the standard of review is academic."  *Id.* at 33.

Judge Buchanan issued the August 6, 2021 Order in response to Defendants' Renewed Join Motion for Rule 37 Sanctions.  Dkt. 116.  Fourth Circuit case law on orders imposing Rule 37 sanctions suggests that such orders are appropriately reviewed as non-dipositive.  *See Kebe ex rel. K.J. v. Brown*, 91 F. App'x 823, 827 (4th Cir. 2004) ("The magistrate judge's order disposing of Kebe's Rule 37 motion for sanctions is undoubtedly a nondispositive matter covered by Rule 72.").

Treating an order on Rule 37 sanctions as non-dispositive is also consistent with this Court's prior cases.  For example, in *Montanile v. Botticelli*, No. 1:08-cv-716, 2009 WL 2378684, at *6 (E.D. Va. July 28, 2009), Judge Cacheris concluded that a magistrate judge's "decision to forbid [the plaintiff] from testifying at the trial of [defendant's] counterclaims against her was not dispositive."  The *Montanile* Court confronted a similar Rule 37 order dealing with discovery abuses by Plaintiff in which the magistrate precluded the plaintiff "from testifying in her case in chief."  *Id.*  The district judge upheld the magistrate's decision, ordering that Court would "not allow [Plaintiff] to dodge all of her discovery obligations and still testify in her own behalf" even though "the Court's order forbidding Montanile from testifying does have the practical effect of ending her case on Defendants' summary judgment motions."  *Id.*

In urging the Court to construe Judge Buchanan's August 6, 2021 Order imposing Rule 37 sanctions as dispositive, H99DT and CIH Technology rely on case law suggesting that magistrate rulings "that have a dispositive effect on a portion of plaintiffs' claims" should be treated as dispositive.  *Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 757 (E.D. Va. 2014) (assessing

magistrate judge's sanctions issued under Fed. R. Civ. P. 37(b)(2)(A)(i)).   In the somewhat analogous context of Rule 11 sanctions, this Court has embraced a similar distinction.  This Court has reviewed a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard when the "issue of Rule 11 sanctions" was "non-dispositive, as the nature of the sanction imposed [was] not dispositive of any claim or defense."  *Manship v. Bros.*, No. 1:11-cv-1003, 2012 WL 527349, at *2 n.1 (E.D. Va. Feb. 16, 2012) (observing that "the Fourth Circuit has not spoken definitively on whether Rule 11 sanctions matters are dispositive or non-dispositive").  Whether a Rule 37 order disposes of a claim or defense, however, turns on whether such a claim or defense is formally dismissed from the litigation.  As this Court has held in a Rule 11 sanctions context, "[t]he better reasoned cases conclude that the issue of Rule 11 sanctions is a non-dispositive matter subject to clearly erroneous review under Rule 72(a), unless the nature of the sanction imposed, *i.e.*, dismissal of the offending claim or defense, is itself dispositive of the claim or defense."  *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 305 n.9 (E.D. Va. 2004) (collecting cases).

The Court's conclusion is further supported by the text of the Federal Magistrates Act, which specifically provides that the following "dispositive" rulings require a report and recommendation:

> (1) motions for injunctive relief, (2) for judgment on the pleadings, (3) for summary judgment, (4) to dismiss or quash an indictment or information made by the defendant, (5) to dismiss or to permit maintenance of a class action, (6) to suppress evidence in a criminal case, (7) dismiss for failure to state a claim upon which relief can be granted, and (8) to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A).  Notably, however, Congress did not include Rule 37 orders imposing sanctions for discovery misconduct—even those that have a significant effect on the future course of litigation—in this list.  This statutory distinction is a sound one.  If a district court affirms a magistrate judge's ruling on a recommendation to grant default judgment, or summary judgment

as to a certain claim, the claim for relief is dismissed.  The clerk enters judgment in favor of the prevailing party and the case is dismissed—at least as to that claim.  These "orders dismissing actions are the most severe[.]"  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).  If, however, on a Rule 37(b)(2)(A) motion the district court affirms the magistrate's ruling "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii), the case is not dismissed, no judgment is entered, and the matter may still proceed to trial.  Judge Buchanan's Order in this case does not dismiss any claims; neither does it direct judgment be entered against any party.  The case remains set for trial.  Therefore, the August 6, 2021 Order is not standing alone a terminating sanction and is properly viewed as a non-dispositive ruling by the magistrate judge.

Of course, it is possible to consider a magistrate's non-dispositive rulings as existing along a gradient.  Some rulings may have only a negligible effect on litigation—for example, an order granting a motion to quash a subpoena may only hamstring a party's ability to proceed with its case.  On the other end of the spectrum, some non-dispositive rulings may have an "effectively dispositive" effect on a litigation such that a party no longer sees a real opportunity for obtaining favorable relief, such as an order granting a motion *in limine* precluding a party from relying on certain evidence at trial.

Assuming a district court may attempt to forecast at which point along that gradient a particular order lies, such a prediction would be unwise.  Federal district courts resolving challenges to a magistrate judge's authority must follow the statutory text and the Federal Rules of Civil Procedure, not attempt to guess which non-dispositive rulings may be considered "effectively dispositive" by a particular litigant at a particular point in time.  Because the Sanctions

Order resolves "pretrial matter[s] not dispositive of a party's claim or defense," Fed. R. Civ. P. 72(a), this Court reviews objections to the Sanctions Order under a clearly erroneous or contrary to law standard.

In this regard, this Court has carefully reviewed the entire record in this case and H99DT's and CIH Technology's objections and finds that the August 6, 2021 Order imposing sanctions was not clearly erroneous or contrary to law.  Accordingly, the Court affirms the sanctions set forth in Magistrate Judge Buchanan's Sanctions Order and declines to set aside or modify the ruling.

To avoid speculation as to the depth of this Court's conclusions, the Court will also address each of the parties' objections to the Sanctions Order as if it were dispositive in nature, and should therefore have been issued in the form of a report and recommendation.  Even from this perspective, the Court's conclusion remains the same.  Applying a *de novo* standard, the August 6, 2021 Order withstands scrutiny.  There is more than ample support in the record to warrant the sanctions Judge Buchanan imposed.  The sanctions followed extensive litigation of these matters, multiple hearings, and the factfinding the Court conducted at the lengthy August 6, 2021 hearing on Defendants' renewed motion for Rule 37 sanctions.  Because the Sanctions Order meets the more demanding *de novo* standard, the magistrate judge's ruling also satisfies the more deferential "clearly erroneous or contrary to law standard."  *See Flame S.A.*, 39 F. Supp. 3d at 757 (applying both standards of review).

## B. The H99DT Trustee's Objections

H99DT asserts that at least two portions of the Sanctions Order are "litigation-ending" sanctions should be overturned following a *de novo* review.  Dkt. 140 at 25.  First, H99DT challenges the August 6, 2021 Order to the extent it "bars H99DT from presenting evidence as to nearly every factual allegation relevant to the claims and defense in this case."  *Id.*  Second, H99DT

objects to the Sanctions Order's provision stating that "Tim Harmon may not be called to testify as a witness except by Defendants" and that "he may not testify beyond the scope of questioning by counsel for Defendants at trial." *Id.* at 26.  The Court considers only these timely objections to the Sanctions Order and views H99DT's silence as to its other provisions, or earlier discovery rulings, as a waiver of any challenges.

Under the  Rule 37(b) standard for evaluating sanctions for discovery violations, a district court must consider four factors: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) whether less drastic sanctions would have been effective. *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505-06 (4th Cir. 1977)).

After reviewing the facts in the record before the magistrate at the August 6, 2021 hearing and considering the factors for imposing Rule 37 sanctions, the Court concludes that there is sufficient evidence to uphold the rulings in the August 6, 2021 Sanctions Order.  First, H99DT demonstrated a lack of good faith by repeatedly violating the Court's discovery orders.  This conduct was not merely a matter of H99DT failing to produce a few stray records or making untimely productions.  Instead, when Judge Buchanan gave them a "last chance" to follow the Court's orders when Defendants first brought a motion for sanctions, Tim Harmon and Therese Harmon failed to comply with the Court's commands.  Worse still, they caused their counsel to make misleading statements, "letting them make misrepresentation after misrepresentation as to what existed and what had been searched when, in the background, Tim and Therese knew those statements were untrue."  Dkt. 145 at 30.  As a result, the Court finds that H99DT did not act in good faith.

Second, H99DT's conduct significantly prejudiced Defendants.  These violations obstructed meaningful discovery as to every factual allegation H99DT made in this case, and there is no real question that Defendants suffered prejudice as a result of H99DT's obfuscations.  Instead, H99DT argues that its efforts to comply with the Court's discovery orders *after* the Court entered the August 6, 2021 Sanctions Order cures any prejudice.  This Court, in exercising its factfinding obligations, finds the post-hearing evidence offered by H99DT insufficient to cure the prejudice it worked upon Defendants.  *See Virgin Enterprises Ltd.*, 149 F. Supp. 2d at 223.  Having once claimed that records either did not exist, had been deleted, or had simply disappeared, H99DT cannot now argue that belated production cures its prejudice.  *See Flame S.A.*, 39 F. Supp. 3d at 761 ("[B]elated compliance does not constitute compliance to discovery orders.").  The Court finds that the prejudice factor supports the magistrate's judge decision to impose the chosen Rule 37 sanctions.

Third, deterring this sort of conduct is paramount to the Court's interest in maintaining the integrity of the discovery process as a critical part of litigation.  Parties that engage in repeated, willful violations by withholding discovery material must face consequences for their actions.  *See Wright v. James City Cty.*, No. 4:12-cv-153, 2014 WL 1056693, at *2 (E.D. Va. Mar. 18, 2014), *aff'd* 589 F. App'x 186 (4th Cir. 2015) ("Plaintiff here has acted not out of an inability to comply, or out of confusion, but in obstinate, willful adherence to her incorrect and overruled positions.").  If discovery is to have any significance at all, it must be accomplished with integrity and good faith.  Moreover, and arguably even more significantly, a counsel's reputation and honesty cannot be compromised by improprieties by parties to the litigation.  The record reveals that, for months, H99DT engaged in a pattern of misrepresentations regarding the status of responsive discovery material, attempted to paper over its non-compliance with Court's orders by crafting new

justifications for its discovery deficiencies, and made belated attempts to correct the record only after Tim Harmon's and Therese Harmon's misstatements were revealed.  In light of this troubling behavior, "[a]nd with discovery's important role in modern litigation, deterrence is greatly needed."  *Flame S.A.*, 39 F. Supp. 3d at 765.  "Continued contumacious behavior and abuse of the Courts through non-compliance with its orders cannot be tolerated[,]" lest the parties "be left with incomplete cases while the judicial process is disrupted."  *Id.* (citing *Robertson v. DECO Sec., Inc.*, No. WDQ-09-3093, 2010 WL 3781951, at *5 (D. Md. Sept. 22, 2010) (observing that "willful disregard of a Court order undermines this Court's ability to manage this case effectively and fairly")).

Finally, Judge Buchanan considered sanctions less drastic than the ones she ultimately imposed, but none would have sufficed to address the serious nature of H99DT's discovery misconduct.  In fact, it appears from the record that sanctions *more* severe than the remedy the magistrate fashioned—that is, recommending default judgment or involuntary dismissal of H99DT's claims—might have been justified.  Other courts have certainly responded with one of those remedies when faced with similar misconduct.  *See, e.g.*, *McDonald v. Robinson*, No. 1:18-cv-697, 2019 WL 166548, at *4 (E.D. Va. Jan. 10, 2019).  Instead, however, Judge Buchanan adopted a more restrained approach.  The magistrate judge awarded Defendants the right to seek fees and costs associated with seeking sanctions; prohibited H99DT from relying on course-of-dealing evidence as to the accounting of Tradition's funds, including the "oral understandings" Tim Harmon used to inject H99DT into the partnership; and prevented H99DT and CIH Technology from calling Tim Harmon to testify at trial.  *See* Dkt. 129.  Based on the discovery misconduct and violations of Court orders the magistrate witnessed, there was a significant risk that Tim Harmon and Therese Harmon's would jeopardize this Court's ability to conduct a fair

proceeding if their conduct went unpunished.  In cases involving multiple and discrete discovery violations as serious as these, sanctions are "crucial to vindicate the important principles of fair play in the largely private world of civil discovery," where "cases are shaped, if not won or lost, in the discovery phase."  *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 507 (D. Md. 2000). Merely awarding costs and fees in this case, the lesser sanction H99DT prefers, would not be sufficient "to prevent prejudice to" Defendants.  *Taylor v. Specialty Mktg., Inc.*, 985 F.2d 553, 1993 WL 21080, at *2 (4th Cir. Feb. 2, 1993).   Based on the record before the Court, Judge Buchanan rightly imposed a more appropriate, tailored remedy.  Because "the time has long passed for less drastic sanctions to be effective[,]" *McDonald*, 2019 WL 166548, at *4, this Court upholds the Sanctions Order in full as to H99DT.

### C. CIH Technology's Objection

Objecting separately, CIH Technology advances two objections to the August 6, 2021 Sanctions Order.  First, CIH argues that it should not have been precluded from calling Tim Harmon at trial "because CIH has never violated a court order."  Dkt. 138 at 7.  Second, CIH objects to the Sanctions Order because it argues, as a non-party to Defendants' renewed motion for Rule 37 sanctions, that the entity's due process rights are violated if CIH is subjected to sanctions.  *Id.*   The Court treats CIH Technology's silence as to any other provisions of the Sanctions Order, or earlier discovery rulings, as a waiver of any other challenges to the magistrate judge's decisions.  For the reasons explained below, the Court finds that the Sanctions Order properly extends to CIH Technology.

The Federal Rules expressly contemplate that a party may be held responsible for its Rule 30(b)(6) agent's misconduct, stating that if:

> A party or a party's officer, director, or managing agent—or a witness designated
> under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit

discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.

Fed. R. Civ. P. 37(b)(2)(A).

The suggestion that CIH was simply a bystander to H99DT's discovery manipulation, with no interest whatsoever in the orders compelling production, is belied by the record.  At several points throughout this case, the magistrate judge made clear that the Court would not countenance litigation gamesmanship by any party that sought to avoid its discovery obligations.  At the first discovery hearing in this case, the Court ruled that Tim Harmon and Therese Harmon would not be allowed to withhold discovery by using "shell games" and "invisible hats" as it related to records of the family entities.  But CIH argues this ruling did not concern it at all, interpreting the Court's April 23, 2021 reference to "invisible hats" to mean that Judge Buchanan "dealt with whether the documents were Tim's or Therese's, and whether documents were Traditions or H99DT's." Dkt. 161 at 7.  That suggestion is contradicted by its own litigation strategy, as CIH Technology negotiated the terms of its compliance at the April 23, 2021 hearing.

Further undercutting CIH Technology's assertion that it must be exempted from the Sanctions Order is the relatedness between the entity and Tim Harmon.  When H99DT moved to dismiss Germaine Harmon's unjust enrichment counterclaim, H99DT also moved to strike the third-party claim against CIH Technology, captioning its motion "Plaintiff's Motion to Dismiss Counterclaim and to Strike Third-Party Claim Against CIH Technology Holdings, LLC." Dkt. 26.  As the memorandum in support of that motion noted, Tim Harmon is half owner of CIH Technology; the company is also half-owned by a nonparty to this litigation.  Dkt. 27 at 2.  More importantly, CIH Technology designated Tim Harmon as its corporate representative under Rule 30(b)(6) in this case.  And Tim Harmon, acting as the Rule 30(b)(6) witness for both H99DT and CIH Technology, engaged in an extensive effort to flout discovery obligations and defy the Court's

orders.  The Sanctions Order was entered as a remedial measure in response to this behavior. Furthermore, reading Judge Buchanan's ruling to include only H99DT would undercut a primary objective the Sanctions Order—to ensure that Tim Harmon does not impede a fair trial just as he has sought to obstruct a fair discovery process.

Although CIH Technology implies that Tim Harmon's discovery misconduct in his role as H99DT's Rule 30(b)(6) designee cannot be imputed to CIH, that argument is unsupported by the text of Rule 37(b)(2)(A), which authorizes the corrective action Judge Buchanan ordered.  *See* Fed. R. Civ. P. 37(b)(2)(A) (authorizing the court to issue "further just orders" if a Rule 30(b)(6) witness "fails to obey an order to provide or permit discovery"); *see also Sines v. Kessler*, No. 3:17-CV-00072, 2019 WL 3767475, at *2 (W.D. Va. Aug. 9, 2019) (quoting *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) ("Rule 37(b)(2)(A) allows a district court to impose a sanction when a party fails to comply with a discovery order, and the court has broad discretion in fashioning its sanction when it does so.")).

Even if the Court accepts CIH Technology's contention that it reasonably understood itself to be an innocent bystander to its own Rule 30(b)(6) representative's discovery misconduct, the July 23, 2021 discovery hearing should have ended that misguided belief.  Counsel for CIH Technology engaged in a colloquy with the Court and opposing counsel regarding QuickBooks files that had not been produced in this litigation.  The magistrate judge ultimately told counsel for Defendant CGH Investment, which had brought the motion, that "[i]f you think the Ohio court ordered more from Cowgill, then go back to Ohio and order that Cowgill produce it."  Dkt. 154-5 at 39.  As the hearing closed, Judge Buchanan specifically addressed the scope of CIH's obligations when she granted Defendants Germaine Harmon and CGH Investment's motion as to production:

> And I do want to clarify that anything that's produced by CIH Technology Holdings that I've just ordered, if that leads to something else which you think needs to be produced, then come back to me on that.

*Id.* at 45-46.  This remark, of course, came after the Court detailed the sort of comprehensive production it was ordering as one "last chance" to avoid potential sanctions.  The record reveals that CIH Technology was on notice—at least by the July 23, 2021 hearing in which its counsel actively participated, if not long before—that any more stonewalling by Tim Harmon could result in sanctions.  CIH Technology did not object to the Court's July 23, 2021 Order, and there is nothing in the record to suggest CIH was precluded from filing a brief or making an argument that it should be treated differently from H99DT when Defendants brought their renewed motion for sanctions the following week.

The Court incorporates its preceding analysis of the *Anderson* factors as to CIH Technology and also finds that the August 6, 2021 Sanctions Order properly extends to CIH.  To the extent CIH seeks to relitigate earlier discovery orders, those objections are not properly before the Court because CIH Technology never objected to any of Judge Buchanan's prior rulings.  After the magistrate showed Tim Harmon and Therese Harmon considerable grace in light of the misconduct that had been uncovered, they again violated the Court's order, including with respect to records relevant to CIH Technology.  As a result, the Court precluded CIH from relying on the testimony of Tim Harmon, its Rule 30(b)(6) witness, at trial.  Given the willfulness of the violations, the Court's decision not to impose a terminating sanction demonstrates that the Sanctions Order is narrowly drawn.  This Court will not set it aside.

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the H99DT Trustee's and CIH Technology's Objections to Magistrate Judge Buchanan's Sanctions Order (Dkt. Nos. 138; 140) are OVERRULED; and it is

FURTHER ORDERED that each party shall submit a notice, not to exceed two pages, indicating whether any of its pending motions should be deemed withdrawn in light of the Court's ruling on these objections.  The parties' notices shall be filed as soon as practicable and no later November 23, 2021.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED.

Alexandria, Virginia
November 19, 2021

_____ /s/
Rossie D. Alston, Jr.
United States District Judge